**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RICHARD SAMUELS,** **)** | |
| **)** | |
| Plaintiff, **)** | |
| **)** | Case No. _____ |
| v. **)** | |
| **)** | **REQUEST FOR JURY TRIAL** |
| **XPO LOGISTICS FREIGHT, INC.,** **)** | |
| *Serve Registered Agent:* **)** | |
| Registered Agent Solutions, Inc. **)** | |
| 2101 SW 21st St **)** | |
| Topeka, Kansas 66604 **)** | |
| **)** | |
| Defendant. **)** | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Richard Samuels ("Plaintiff"), by and through his attorneys and for his cause of action against Defendant XPO Logistics Freight, Inc., and alleges as follows for his cause of action:

**Parties and Jurisdiction**

1. Plaintiff Richard Samuels ("Plaintiff") is a citizen of the United States, residing in Kansas City, Missouri.

2. Defendant is, and was at all relevant times, a for-profit corporation organized under the laws of Delaware. Defendant is, and was at all relevant times, authorized to conduct business in the state of Kansas and was doing business in the state of Kansas.

3. Defendant conducts substantial and continuous business in the State of Kansas.

4. At all relevant times, Defendant maintained and operated a place of business located at 234 E. Donovan Rd, Kansas City, KS 66115.

1

5. Defendant is an entity that acts through its agents. It is liable for the conduct of its agents that it knowingly ratifies, injuries caused by agents' performance of their non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts taken by its agents by virtue of their position with Defendant.

6. This is an employment case based upon and arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("§1981").

7. Plaintiff was an employee of Defendant within the meaning of Title VII and §1981.

8. Defendant is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b), and §1981,.

9. Jurisdiction is proper in the District of Kansas pursuant to 28 U.S.C. § 1331, as some or all of Plaintiff's claims arise under the laws of the United States.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the alleged discriminatory and retaliatory conduct occurred in this District.

<u>**Administrative Procedures**</u>

11. On or about September 1, 2022, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation (attached as Exhibit 1 and incorporated herein by reference).

12. On or about March 11, 2023, the EEOC issued to a Plaintiff a Notice of Right to Sue (attached as Exhibit 2, and incorporated herein by reference), and this lawsuit was filed within ninety (90) days of the issuance of the Notice of Right to Sue.

13. The aforesaid Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of

this judicial complaint may be as broad as the scope of an EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

14. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action and it has been filed within the requisite statute of limitations.

## General Allegations Common to All Counts

15. Plaintiff (black) began working for Defendant on or about January 4, 2021, as a Dock Worker.

16. In approximately the first week of August 2022, one of Plaintiff's supervisors asked Plainitff's white coworker, Mark Bauswell ("Bauswell"), to break a trailer.

17. In response, Bauswell stated, "No, have habanero do it," referring to another co-worker named Alejandro Rojas ("Rojas") who was Latino/Hispanic. Both Plaintiff and Rojas witnessed this comment.

18. The supervisor then went to Rojas and asked, "was he [Bauswell] talking to you?" Rojas replied, "yes."

19. The supervisor then took Rojas to Human Resources to write a statement.

20. However, Bauswell returned to work the following day, as if nothing had happened.

21. The following day, white Freight Operations Manager Ray Ward ("Ward") held a meeting with all of the dock workers to have a conversation about discrimination in the workplace.

22. Ward began telling everyone in the meeting what they could not say in the workplace by giving examples of things he had heard.

23. For example, Ward stated that he heard someone on the dock say the racial slur, "porch monkey."

24. Ward then said that at his other job, they had him talk to people about the word "n****r", and they had him write the word "n****r" on the board, but he didn't even know how to spell it, so he spelled it "n-i-g-e-r", but then someone told him that it was spelled "n-i-g-g-e-r".

25. Ward laughed the entire time he was telling this story.

26. Later that same day, Plaintiff went to Ron Florez ("Florez") in Human Resources and reported the incident with Bauswell and Rojas.

27. Florez told Plaintiff that the matter had already been handled.

28. Plaintiff then reported to Florez what Ward had said in the meeting, and that he had used the word "n****r" several times while laughing.

29. Florez responded that he would talk to Ward, but he was sure Ward did not mean it that way.

30. Plaintiff responded that whether Ward meant it that way or not, it was still not okay.

31. When Plaintiff asked if he should write a statement about this, Florez said no, he would talk to Ward and get back to Plaintiff.

32. Approximately one week later, on August 10, 2022, a manager went up to Plaintiff in the break room and asked him to accompany him to Ward's office. Once there, Ward accused Plaintiff of stealing time, and told him to go home for the day.

33. When Plaintiff asked how he was sending Plaintiff home when the day was already over, Ward told him to just go home and not come back until he heard from Florez.

34. Over the next week, Plaintiff called Florez several times to ask what was going on, and Florez told him the investigation was still ongoing, and he was waiting to hear back from his boss.

35. On approximately August 18, 2022, Florez called and told Plaintiff that he was terminated.

## COUNT I
### Violation of 42 U.S.C. §§ 2000e et seq. (Title VII)
### Race Discrimination

36. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

37. Plaintiff is a member of a protected class under Title VII because he is black.

38. During his employment with Defendant, Plaintiff suffered several adverse actions including, but not limited to, termination.

39. Plaintiff's race was at least a motivating factor in the adverse employment actions taken against him.

40. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior.*

41. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

42. As shown by the foregoing, as a result of his race, Plaintiff suffered intentional discrimination at the hands of Defendant in violation of Title VII.

43. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

44. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

45. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized discrimination against Plaintiff.

46. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other employers from like conduct in the future.

47. Pursuant to the provisions of Title VII, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation of 42 U.S.C. §§ 2000e *et seq.* (Title VII)
### Retaliation

48. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

6

49. Plaintiff engaged in a protected activity under Title VII by reporting what he believed in good faith to be race discrimination and/or racial harassment to Defendant.

50. Plaintiff suffered adverse employment actions as a result of his good faith report, including, but not limited to, termination.

51. A causal connection existed between Plaintiff's good faith report of race discrimination and/or racial harassment and Defendant's decision to terminate Plaintiff's employment.

52. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant; thus, making Defendant liable for said actions under the doctrine of *respondeat superior.*

53. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including retaliation.

54. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

55. As shown by the foregoing, Plaintiff suffered intentional retaliation at the hands of Defendant, based on engaging in a protected activity, in violation of Title VII.

56. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

57. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, garden variety emotional distress, and related compensatory damages.

58. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized discrimination and retaliation against Plaintiff.

59. As shown by the foregoing, Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other employers from like conduct in the future.

60. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees as provided in Title VII.

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT III
### Violation of 42 U.S.C. §1981
### Race Discrimination

61. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

62. Plaintiff is a member of a protected class because he is black.

63. During his employment with Defendant, Plaintiff suffered several adverse actions including, but not limited to, termination.

64. Plaintiff's race was at least a motivating factor in the adverse employment actions taken against him.

65. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior.*

66. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including race discrimination.

67. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including §1981.

68. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

69. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, garden variety emotional distress, and related compensatory damages.

70. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees as provided in §1981.

71. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other employers from like conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT IV
### Violation of 42 U.S.C. § 1981
### Retaliation

72. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

73. Plaintiff engaged in a protected activity under §1981 by making a report of what he believed in good faith to be race discrimination and/or racial harassment to Defendant.

74. Plaintiff suffered adverse employment actions as a result of his good faith report, including, but not limited to, termination.

75. Plaintiff's reports of race discrimination and/or racial harassment were at least a motivating factor in Defendant's decision to terminate Plaintiff.

76. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

77. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including §1981.

78. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

79. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, garden variety emotional distress, and related compensatory damages.

80. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized discrimination against Plaintiff.

81. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees as provided in §1981.

82. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other employers from like conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## Demand for Jury Trial

Plaintiff requests a trial by jury, in the Circuit Court for the District of Kansas, on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully Submitted,

**CORNERSTONE LAW FIRM**

By:     */s/ M. Katherine Paulus*
M. Katherine Paulus   D Kan 23866
m.paulus@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone              (816) 581-4040
Facsimile              (816) 741-8889
**ATTORNEYS FOR PLAINTIFF**

12